IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRUCE SCOTT GARRETT,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4-06-CV-0162-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,**[1] | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Bruce Scott Garrett, TDCJ-ID #651704, is a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.    PROCEDURAL HISTORY**

Garrett is serving a 75-year sentence for his 1993 state conviction for aggravated sexual assault with a deadly weapon in Case No. 0384184 out of the 297th District Court of Tarrant County, Texas.[2] Garrett sought postconviction relief challenging his conviction and sentence, including a previous federal petition for writ of habeas corpus, which was dismissed with prejudice on limitations grounds on March 13, 2000. *Garrett v. Johnson*, Civil Action No. 4:00-CV-0020-E. Garrett also filed an unsuccessful motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, in the convicting court. (Petition at 7; Clerk's R. at 88.) *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-64.05 (Vernon Supp. 2005); *Garrett v. Texas*, No. 2-03-356-CR, slip op. (Tex. App.–Fort Worth Aug. 31, 2004 ) (not designated for publication); *Ex parte Garrett*, Application No. WR-40,891-06.

**D.    ISSUES**

Garrett raises three grounds for relief in which he challenges his 1993 conviction and sentence and the proceedings relevant to his motion for forensic DNA testing. (Petition at 7.)

**E.    SUCCESSIVE PETITION**

Although Quarterman does not raise the issue, the undersigned finds that Garrett's petition should be dismissed as successive. *See Williams v. Whitley*, 994 F.2d 226, 231 (5th Cir. 1993) (providing that it is proper for district court to raise sua sponte the issue of a repetitive petition or

---

[2] In addition to the state court records filed in this action, the court takes judicial notice of the federal and state court records in Garrett's previous federal petition in Civil Action No.4:00-CV-0020-E, which it is entitled to do.

abuse of writ). 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[3] Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

---

[3]Section 2244(b) provides:

    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

        (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

From the face of the instant petition, it is apparent that this is a successive petition, and Garrett has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3); *Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir.) (holding that § 2254 petition challenging denial of motion for DNA testing constituted a successive habeas petition), *cert. denied*, 536 U.S. 978 (2002); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000). This court is, therefore, without jurisdiction to consider the petition. *Kutzner*, 303 F.3d at 339; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker*, 187 F.3d at 681-82. Garrett must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(3).

## II.  RECOMMENDATION

Garrett's Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 30, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 30, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2006.

                                         /s/   Charles Bleil
                                    CHARLES BLEIL
                                    UNITED STATES MAGISTRATE JUDGE